UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN PARRA                                                    CIVIL ACTION

VERSUS                                                        NO. 23-1528-SDD-SDJ

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY, et al.

# ORDER

Before the Court is a Motion to Compel Initial Disclosures and for Rule 37 Sanctions (R. Doc. 17) filed by Defendant The Kansas City Southern Railway Company. In its Motion, KCSR seeks Plaintiff's Rule 26 Initial Disclosures.[1] Plaintiff did not file an opposition to this Motion, and the time for doing so has passed. As such, the Court considers this matter unopposed.

Pursuant to Federal Rule of Civil Procedure 26(a)(1), each party is required to provide certain specified Initial Disclosures. This Court issued a Scheduling Conference Order on December 12, 2023, in which it instructed that "[i]n accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference…"[2] Because the scheduling conference was set for January 23, 2024, Plaintiff's Initial Disclosures were due to be exchanged on or before January 16, 2024.[3] Plaintiff, however, failed to provide them.

According to KCSR, counsel for KCSR first emailed Plaintiff's counsel about Plaintiff's Initial Disclosures on January 16, 2024.[4] Plaintiff's counsel responded that he was "going to be

---

[1] R. Doc. 17 at 1.
[2] R. Doc. 9 at 2.
[3] *Id.* at 1.
[4] R. Doc. 17-3.

certified mail # 7018 0360 0001 1615 6506

filing a motion to withdraw as counsel this week."[5] KCSR's counsel again contacted Plaintiff's counsel on January 29, 2024, and again on February 26, 2024, asking about Plaintiff's Initial Disclosures.[6] On March 1, 2024, Plaintiff's counsel responded, stating: "We will not be getting initial disclosures to you out today as we will likely be filing our motion to withdraw as counsel of record by no later than early next week."[7] Shortly thereafter, on March 4, 2024, Plaintiff's counsel filed a Motion to Withdraw as Counsel of Record,[8] which the Court granted the following day, March 5, 2024.[9] Since then, Plaintiff has been proceeding in this matter *pro se*. On March 7, 2024, counsel for KCSR contacted Plaintiff both by letter and email advising Plaintiff that the deadline for submitting Initial Disclosures had passed and requesting a telephone call to discuss when Plaintiff anticipated being able to provide his Initial Disclosures.[10]

As of the date the instant Motion was filed, Plaintiff had not communicated with defense counsel and has not provided his Initial Disclosures.[11] As relief, KCSR seeks an order compelling Plaintiff to provide his Initial Disclosures and imposing sanctions against Plaintiff pursuant to Rule 37.[12]

"Under Rule 26(a)(1) of the Federal Rules of Civil Procedure, a party must make certain initial disclosures within the early stages of litigation without awaiting a discovery request." *Jones v. RealPage, Inc.*, No. 19-2087, 2020 WL 6149969, at *2 (N.D. Tex. Oct. 19, 2020) (citing Fed. R. Civ. P. 26(a)). Here, Plaintiff has failed to provide these Initial Disclosures, as required by Rule 26, and also has not responded in any way to the instant Motion. As Plaintiff is required to submit

---

[5] *Id.*
[6] R. Docs. 17-4, 17-5.
[7] R. Doc. 17-6 at 1.
[8] R. Doc. 14.
[9] R. Doc. 16.
[10] R. Docs. 17-7, 17-8.
[11] R. Doc. 17 at 3.
[12] *Id.* at 4.

such disclosures and has provided no explanation for his failure to do so, he has wholly failed to meet this discovery obligation which, of concern to the Court, is only the first of likely multiple upcoming discovery obligations. As such, the Court will grant KCSR's Motion to the extent it seeks an order compelling Initial Disclosures from Plaintiff.

KCSR, in its Motion, also seeks sanctions against Plaintiff for his failure to comply with his disclosure requirements.[13] Rule 37(c)(1) provides that a court, "on motion and after giving opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure [to disclose]; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Similarly, after giving the responding party an opportunity to be heard, Rule 37(a)(5)(A) provides for an award of attorney's fees and costs to be paid by the responding party or their attorney when a motion to compel is granted or if responses are provided only after the motion is filed. However, the Court should not order an award if the movant failed to confer, if the responding party's failure was substantially justified, or if other circumstances would make the award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, given that Plaintiff currently is proceeding *pro se* in this litigation and that evidence presented indicates that his counsel had been intending to withdraw, for reasons unknown, since at least January 2024, the Court finds that, under the circumstances, an award of sanctions would be unjust. *See Bayoil, S.A. v. Polembros Shipping, Ltd.*, 196 F.R.D. 479, 482 (S.D. Tex. 2000) (recognizing that a court "has wide discretion" is determining whether to impose sanctions under Rule 37). However, to confirm Plaintiff understands his responsibilities and obligations with regard to this litigation, a status conference with the Court is set below.

---

[13] R. Doc. 17 at 3-4.

Accordingly,

**IT IS ORDERED** that the Motion to Compel Initial Disclosures and for Rule 37 Sanctions (R. Doc. 17), filed by Defendant The Kansas City Southern Railway Company, is **GRANTED IN PART**.  Plaintiff is **ORDERED** to provide his Initial Disclosures to Defendants **within 14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that a telephone status conference is set for **May 15, 2024, at 2:00 p.m.** to discuss whether Plaintiff intends to hire new counsel as well as the status of discovery in this case.  As Plaintiff is proceeding *pro se* in this litigation, Plaintiff is required to attend.  Both Plaintiff and defense counsel participating in the conference shall call in five minutes prior to the time the conference is scheduled to begin.  The dial-in number is (225) 372-6199; the conference ID is 540 167 304#.

The Clerk of Court is instructed to send a copy of this Order to Plaintiff by certified mail, return receipt requested, to 8244 Hartfield, Beaumont, Texas 77706.

Signed in Baton Rouge, Louisiana, on April 29, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**