## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN PARRA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1528-SDD-SDJ** |
| **THE KANSAS CITY SOUTHERN RAILWAY COMPANY, et al.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 23, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN PARRA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1528-SDD-SDJ** |
| **THE KANSAS CITY SOUTHERN RAILWAY COMPANY, et al.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is before the Court on an Order to Show Cause (R. Doc. 23) issued on June 7, 2024. As explained below, Plaintiff failed to comply with or otherwise respond to the Court's Show Cause Order. For that reason, and because Plaintiff has failed to take any steps to prosecute this litigation in the past eight months, it is recommended that Plaintiff's cause of action be dismissed for failure to prosecute under Local Civil Rule 41(b), and pursuant to this Court's inherent power. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

Plaintiff John Parra filed this action on or about October 6, 2023, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[1] Plaintiff seeks damages for personal injury suffered when a train operated by Defendant the Kansas City Southern Railway Company struck the tractor trailer Plaintiff was driving.[2] Defendant removed the matter to this Court on October 26, 2023, based on purported diversity jurisdiction.[3]

---

[1] R. Doc. 1-2.
[2] *Id.* at 5-6.
[3] R. Doc. 1 at 2-5.

On March 5, 2024, the Court granted Plaintiff's counsel's Motion to Withdraw as Counsel of Record.[4] Shortly thereafter, on March 28, 2024, Defendant filed a Motion to Compel Initial Disclosures, which the Court granted in part on April 29, 2024.[5] In its Order, the Court instructed Plaintiff to file his Initial Disclosures within 14 days of the date of the Order and set a telephone status conference for May 15, 2024.[6] Plaintiff failed to appear for the May 15, 2024, teleconference.[7] However, as there was some confusion as to the correct dial-in number for said teleconference, the Court reset the teleconference for June 6, 2024.[8] On June 6, 2024, Plaintiff once again failed to appear for the teleconference, during which defense counsel represented that Plaintiff also did not appear for his deposition, scheduled for May 30, 2024, for which he had been subpoenaed, and had not yet provided his Initial Disclosures, as ordered by this Court.[9] Based on Plaintiff's failure to appear for the teleconference and failure to adhere to an Order of this Court, the Court issued a Show Cause Order, at issue here, in which it "**ORDERED** that Plaintiff John Parra shall **show cause in writing** on or before **June 28, 2024,** why this case should not be dismissed pursuant to Local Civil Rule 41 for failure to prosecute."[10] To date, Plaintiff has not responded. Moreover, the last two Orders the Court has mailed to Plaintiff have been returned, one not deliverable as addressed and one unclaimed, indicating to the Court Plaintiff is not fulfilling his obligation to keep the Court apprised of his current address.[11]

---

[4] R. Doc. 16.
[5] R. Docs. 17, 19.
[6] R. Doc. 19 at 4.
[7] R. Doc. 20.
[8] *Id.*
[9] R. Doc. 23 at 1.
[10] *Id.*
[11] R. Docs. 24, 27. Local Civil Rule 41(b)(4) states: "The failure of an attorney or pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute, when a notice is returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." The most recent Order was returned as undeliverable on July 22, 2024, more than 30 days ago. R. Doc. 27.

"This Court has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*." *Scheppf v. U.S. Attorney Gen.*, No. 16-575, 2018 WL 3193857, at *2 (M.D. La. Jun. 13, 2018); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion."); *Maxey v. Citizens Nat'l Bank of Lubbock, Tex.*, 459 F.2d 56, 57 (5th Cir. 1972) (affirming *sua sponte* dismissal for failure to prosecute where plaintiff failed to respond to show cause order); *Curtis v. Quarterman*, 340 F. App'x 217, 217-18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action *sua sponte* in the absence of a motion by the defendant.") (internal citation omitted); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order); *Williams v. Potter*, No. 03-1409, 2006 WL 1233136, at *1 (E.D. Tex. May 5, 2006) ("Rule 41(b), Federal Rules of Civil Procedure, authorizes the court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order."). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Williams*, 2006 WL 1233136, at *1 (quoting *Link*, 370 U.S. at 629-30; *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997), *cert. denied*, 522 U.S. 875 (1997)).

Local Civil Rule 41(b) provides for dismissal "by the Court for lack of prosecution … [w]here a cause has been pending six months without proceedings being taken within such period." L.R. 41(b)(1)(C). This provision requires that, prior to issuance of a dismissal, the plaintiff be sent notice and "allowed fourteen calendar days from mailing of the notice within which to file

evidence of good cause for plaintiff's failure to act." L.R. 41(b)(2). It also specifically provides that "[i]f no response is received within the allotted time, the Court may dismiss the civil action." *Id.* Here, notice was provided via the Show Cause Order issued on June 7, 2024, and no response has been provided.

Because Plaintiff failed to comply with the Court's Order to provide Initial Disclosures, failed to attend at least one teleconference as ordered, and failed to respond to the Court's Show Cause Order, he has failed to prosecute his claim. Given this failure to comply with Court orders, the Court recommends that Plaintiff's cause of action be dismissed pursuant to Local Civil Rule 41(b), and this Court's inherent power, for failure to prosecute.[12] *See Early on behalf of E.E. v. Comm'r of Soc. Sec.*, No. 19-461, 2020 WL 13526619, at *2 (M.D. La. Sep. 23, 2020), *report and recommendation adopted*, 2020 WL 6938812 (M.D. La. Nov. 25, 2020) (dismissing case *sua sponte* for failure to prosecute based on plaintiff's failure to respond to a motion to dismiss, failure to appear for a hearing on the motion to dismiss, and because "[p]laintiff has not contacted the Court or filed anything into the record to explain her failure to participate in the case or to respond to Court orders").

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's cause of action be **DISMISSED** pursuant to Local Civil Rule 41(b), and this Court's inherent power, for **failure to prosecute**.

Signed in Baton Rouge, Louisiana, on October 23, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] The Court notes that here, it has the authority to *sua sponte* dismiss this matter under either Fed. R. Civ. P. 41(b) or L.R. 41. Because it previously mentioned dismissal per L.R. 41 in its show cause order as a sanction for failure to respond thereto, the Court will here dismiss pursuant to L.R. 41.